**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| Yausmenda Freeman, | Case No. 2:21-cv-01131-JAD-BNW |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION AND ORDER** |
| Westlake Services, LLC, | |
| Defendant. | |

Petitioner, Yasumenda Freeman is proceeding in this action pro se. Petitioner filed a petition to perpetuate testimony pursuant to Fed. R. Civ. P. 27. It appears Petitioner is attempting to request a court order to perpetuate the testimony of Westlake Services pursuant to Fed. R. Civ. P. 27. To that end, Petitioner filed several documents: Affidavit in Support of Notice and Demand (ECF No. 1), Notice of Certification of Non-Response (ECF No. 2), Notice of Jurisdiction (ECF No. 3), and Petition to Perpetuate Testimony (ECF No. 4).

Respondent Westlake Services moved to strike documents at ECF Nos. 1-3 as fugitive documents and the motion at ECF No. 4 for failure to follow Fed. R. Civ. P. 27 and for failure to file a complaint. ECF No. 6.

In turn, Petitioner filed a Motion for Leave to File an Amended Verified Petition. ECF No. 8. In that motion, Petitioner acknowledges certain deficiencies in the prior petition (at ECF No. 4) and requests leave to cure those deficiencies by amending the verified petition. *Id*. at 2-3. In addition, Petitioner filed a response to Respondent's Motion to Strike. ECF No. 9.

**I.   Analysis**

First, it does not appear that a Motion to Amend under Fed. R. Civ. P. 15 is proper. Fed. R. Civ. P. 15 applies only to "pleadings," which are defined under Fed. R. Civ. P. 8. An amended petition under Fed. R. Civ. P. 27 is not a "pleading." As a result, the Court will construe that motion (at ECF No. 8) as an amended verified petition which attempts to cure the deficiencies noted by Petitioner in the previous request (ECF No. 4).

The Court reviewed the amended verified petition and finds it does not meet the requirement under Fed. R. Civ. P. 27. As a result, the Court will recommend the denial of the amended verified petition to perpetuate testimony (ECF No. 8) and orders the denial of ECF Nos. 4 and 6 as moot.

The text of Fed. R. Civ. P. 27 requires that a petition take a certain form and contain certain information. Specifically, Rule 27(a)(1) provides:

> A person who wants to perpetuate testimony about any matter cognizable in a United States court may file a verified petition in the district court for the district where any expected adverse party resides. The petition must ask for an order authorizing the petitioner to depose the named persons in order to perpetuate their testimony. The petition must be titled in the petitioner's name and must show:
>
> (A) that the petitioner expects to be a party to an action cognizable in a United States court but cannot presently bring it or cause it to be brought;
>
> (B) the subject matter of the expected action and the petitioner's interest;
>
> (C) the facts that the petitioner wants to establish by the proposed testimony and the reasons to perpetuate it;
>
> (D) the names or a description of the persons whom the petitioner expects to be adverse parties and their addresses, so far as known; and
>
> (E) the name, address, and expected substance of the testimony of each deponent.

Fed. R. Civ. P. 27.

First, it is difficult to understand exactly what claim(s) Petitioner is trying to bring against Westlake Services or how those claims are cognizable in a United States court. As best as the Court can tell, Petitioner financed a car from DA Sales for a specified amount. DA Sales assigned that loan to Westlake. Somehow Petitioner is under the impression that Westlake owes *her* the financed amount and complains that Westlake has been improperly reporting Petitioner's failure to pay to different credit reporting companies. Leaving aside the merits of Petitioner's claim, she does not make clear how this court has jurisdiction. Although Petitioner claims that this case arises out of the Constitution, laws, or treaties of the United States, and that the court has jurisdiction under 28 U.S.C. § 1331, Petitioner does not invoke any federal statute or laws of the

United States. It is also not clear how the Court would have diversity jurisdiction under 28 U.S.C. § 1332, as both Petitioner and the Respondent are citizens of the same state.

As to stating the subject matter of the expected action and the petitioner's interest, Petitioner has sufficiently complied with the rule.

Additionally, Petitioner's stated reasons for not being presently able to bring a suit are not valid. Petitioner explains that she needs certain information from Westlake Services before she can assess the specific amount of damages that will be sought. But Petitioner need not wait until the exact amount is known before bringing suit. Rather, Fed. R. Civ. P. 8 requires "a short and plain statement of the claim showing that the pleader is entitled to relief" and a "demand for the relief sought." Fed. R. Civ. P. 8(a). *See also Zazzali v. Eide Bailly LLP*, 2013 WL 6045978 at * 3 (D. Idaho Nov. 14, 2013) (holding that even under the Rule 9(b) standard, a complaint does not fail for not specifying an amount of damages). Accordingly, not knowing the specific amount of damages Petitioner will seek is not a reason she cannot bring her claim. And the Ninth Circuit has found that a petitioner's attempt to invoke Fed. R. Civ. P. 27 to perpetuate testimony was inappropriate when the Petitioner was able to bring her action and would be able to conduct discovery subsequently. *Green v. Robinson*, 53 F.3d 338 (9th Cir. 1995) (unpublished) (citing *Shore v. Acands, Inc.*, 644 F.2d 386, 388 (5th Cir. 1981)). Here, Petitioner can commence her action and obtain the sought testimony through the regular discovery process.

Also, Petitioner does not explain the need to perpetuate this testimony. Fed. R. Civ. P. 27(a)(1)(C) requires a person who wants to perpetuate testimony to state the reasons that perpetuation is necessary. Petitioner simply states this is necessary to "prevent the failure or delay of justice and the loss or destruction of evidence" and that this testimony is necessary because "existing laws and procedures for redressing injuries from consumer protection law violations are inadequate." ECF No. 8 at 9-10. But these conclusory statements do not provide sufficient facts upon which the Court can properly assess the need at hand. The Third Circuit has held that, absent the risk evidence will change or degrade, Rule 27 is not satisfied because there is no need to "perpetuate" anything. *Ash v. Cort,* 512 F.2d 909, 911 (3d Cir. 1975); *see also State of Nev. v.*

*O'Leary*, 63 F.3d 932, 936 (9th Cir. 1995) (citing *Ash* with approval). Petitioner does not explain why or how the evidence will change or degrade absent the perpetuation of testimony.

As to the two remaining factors, Petitioner has sufficiently complied with the rule.

"The grant or denial of a petition to preserve testimony is within the discretion of the Court." *In re Provident Life*, 2013 WL 3946517, *1, citing *State of Nevada v. O'Leary*, 151 F.R.D. 655, 657 (D. Nev. 1993) *aff'd*, 63 F.3d 932 (9th Cir.1995). These procedural and substantive failures to comply with the text of Fed. R. Civ. P. 27 are, by themselves, reasons to deny the relief sought.

## II.     Conclusion

Accordingly, **IT IS HEREBY RECOMMENDED** that the amended petition (ECF No. 8) be **DENIED**.

**IT IS FURTHER ORDERED** that the Petition to Perpetuate Testimony (ECF No. 4) and the Motion to Strike (ECF No. 6) are **DENIED** as moot.

DATED: July 19, 2021

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE