**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Yausmenda Freeman, | Case No.: 2:21-cv-01131-JAD-BNW |
| Petitioner | |
| v. | **Order Overruling Objection, Adopting Report & Recommendation, Denying Motion to Vacate, and Closing Case** |
| Westlake Services, LLC, | [ECF Nos. 8, 10, 11, 13] |
| Respondent | |

Pro se petitioner Yausmenda Freeman has brought this action to perpetuate testimony from Westlake Services, LLC's Chief Financial Officer under Federal Rule of Civil Procedure (FRCP) 27.[1]  In her efforts to initiate this action, Freeman initially filed an "affidavit in support of notice and demand," a "notice re: certification of non-response," a "notice of jurisdiction," and a petition to perpetuate testimony.[2]  Westlake moved to strike each document, arguing that Freeman did not file a verified petition as required by FRCP 27 and failed to file any other document that properly initiated a federal action.[3]  Freeman then filed a motion to amend her petition to "cure the defects of [her] initial pleading," limit her requested "relief to perpetuation of testimony, and clarify the required showing for the perpetuation action similar to that of FRCP 27(a)."[4]

---

[1] *See* ECF No. 3 ("I filed a Miscellaneous Action with the United States District Court for the District of Nevada with the intention to perpetuate testimony from the Respondent prior to filing a civil action at some time in the future to prevent failure or delay of justice in violations of consumer protection laws."); ECF No. 4 (motion to perpetuate testimony); ECF No. 8 (motion for leave to file amended petition to perpetuate testimony).

[2] ECF No. 1; ECF No. 2; ECF No. 3; ECF No. 4.

[3] ECF No. 6.

[4] ECF No. 8 at 2.

The magistrate judge reviewed Freeman's motion to amend, determined that FRCP 15 (which governs the amendment of pleadings) does not apply to Freeman's petition, considered the amended petition as the operative one in this case, and found that Freeman failed to meet FRCP 27(a)'s requirements.[5]  She therefore recommends that Freeman's amended petition to perpetuate testimony be denied and that Westlake's motion to strike and Freeman's original petition be denied as moot.[6]  Freeman objects to the magistrate judge's recommendation and subsequently moves to "vacate" the recommendation and order under FRCP 60.[7]  Westlake responded to both and Freeman replied.[8]  Because Freeman's amended petition does not meet FRCP 27's requirements to perpetuate testimony, I adopt the magistrate judge's report and recommendation (R&R), deny Freeman's motion to vacate, and close this case.

## Discussion

**I.   I overrule Freeman's objections and adopt the magistrate judge's recommendation.**

When a party objects to a magistrate judge's R&R on a dispositive issue, the district court must conduct a de novo review of the challenged findings and recommendations.[9]  The district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made

---

[5] ECF No. 10.

[6] *Id*. at 4.

[7] ECF No. 11; ECF No. 13.

[8] ECF No. 12; ECF No. 14; ECF No. 16; ECF No. 17.  Because Freeman filed a reply to Westlake's response to her objection without leave of court, I do not consider it.  *See* LR IB 3-1 ("Replies [to objection responses] will be allowed only with leave of the court.").

[9] Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1)(B); Local Rule IB 3-2(b) (requiring a district judge to review de novo only the portions of a report and recommendation addressing a case-dispositive issue that a party objects to).

by the magistrate judge," "receive further evidence," or "recommit the matter to the magistrate judge with instructions."[10]

Freeman objects to the magistrate judge's determination that her petition did not meet the requirements contained in FRCP 27(a), arguing that she brought the petition under FRCP 27(c) which "does not set forth procedural requirements."[11]  It is true that FRCP 27(c) merely states that "this rule does not limit a court's power to entertain an action to perpetuate testimony."[12]  But the Ninth Circuit explained in *State of Nevada v. O'Leary* that "this section was intended to preserve the right to employ a separate action to perpetuate testimony under former section 644 of Title 28 that is now repealed."[13]  Section (c) "was not intended to expand the applicability of the other provisions of the Rule."[14]  All petitions to perpetuate testimony brought before an action is filed must meet the requirements under Rule 27(a), and the decision to grant or deny a petition is within the sound discretion of the district court.[15]

Rule 27(a)(1) requires a petition to perpetuate testimony before an action is filed to show:

> (A) that the petitioner expects to be a party to an action cognizable in a United States court but cannot presently bring it or cause it to be brought;
>
> (B) the subject matter of the expected action and the petitioner's interest;
>
> (C) the facts that the petitioner wants to establish by the proposed testimony and the reasons to perpetuate it;

---

[10] 28 U.S.C. § 636(b)(1).

[11] ECF No. 11 at 8.

[12] Fed. R. Civ. P. 27(c).

[13] *Nevada v. O'Leary*, 63 F.3d 932, 937 (9th Cir. 1995).

[14] *Id*.

[15] *In re Provident Life & Acc. Ins. Co.*, 2013 WL 3946517, at *1 (C.D. Cal. July 26, 2013) (quoting *Nevada v. O'Leary*, 151 F.R.D. 655, 657 (D. Nev. 1993), *aff'd* 63 F.3d 932 (9th Cir. 1995)).

> (D) the names or a description of the persons whom the petitioner expects to be adverse parties and their addresses . . . ; and
>
> (E) the name, address, and expected substance of the testimony of each deponent.[16]

Freeman's amended petition fails at the very first prong because she does not give adequate reasons why she is unable to presently bring suit against Westlake.  Construed liberally, Freeman alleges that Westlake has been collecting a debt that she does not owe.[17]  She claims that Westlake erroneously reported a debt of approximately $29,000 and charged off the debt after she failed to pay.[18]  She avers that she has been harmed by Westlake's "unfair business practices, reporting of inaccurate account information to the credit reporting agencies, the theft of [her] Instrument, their unlawful debt collection practices, and conspiracy to defraud" her.[19]  She explains that she was unable to purchase or rent a home because of "Westlake's business disparagement in reporting this false derogatory account."[20]  She believes that she cannot yet bring suit because she "is awaiting Westlake to provide . . . 1099s for their alleged charge[-]offs so that [she] can correctly report [her] income on [her] 2020 tax return."[21]  She claims that, without that information, she will "likely get audited" by the IRS, and she thus cannot know the damages she is owed until she appeals that possible IRS audit and determines "the specific amount . . . that will be owed, garnsihed, and appeal[ed]."[22]  She separately states that she is

---

[16] Fed. R. Civ. P. 27(a)(1).

[17] *See* ECF No. 8 at 15.

[18] *Id.* at 11–12.

[19] *Id.* at 15.

[20] *Id.*

[21] *Id.* at 16.

[22] *Id.*

4

1  entitled to damages "caused by [Westlake] reporting numerous charge-offs to the IRS when [she]

2  never owed them, usury fees for [her] Instrument, consumer protection law violation civil

3  remedy fines, identity theft, property theft, and equitable damages over $75,000."[23]

4      FRCP 8 requires "a short and plain statement of the claim showing that the pleader is

5  entitled to relief" and a "demand for the relief sought."[24]  Liberally construing Freeman's

6  allegations, she seeks to bring claims against Westlake for unfair business and debt-collection

7  practices.  These allegations of the broad categories of damages she believes she is owed would

8  be enough to bring a complaint alleging those claims.  Yet Freeman does not offer a reasonable

9  explanation of why she must first await a possible IRS audit before suing Westlake for its debt-

10 collection practices or alleging damages arising from those practices.[25]  I thus find that Freeman

11 has not met FRCP's 27(a)'s requirements to bring an action to perpetuate testimony.

12     Freeman also objects to the magistrate judge's finding that FRCP 15's leave-to-amend

13 standard does not apply to a petition to perpetuate testimony because it is not a "pleading."[26]  But

14 the magistrate judge, by analyzing the amended petition, essentially determined that Freeman

15 was able to freely amend her complaint without complying with FRCP 15.  She instead treated

16 the amended petition as the operative one (which would have been the result if she had granted

17 Freeman leave to amend) and proceeded to analyze the amended petition on the merits.  The

18 magistrate judge did not err in doing so, and even if she had, the result—recommending denial of

19 

20 [23] *Id.*

   [24] Fed. R. Civ. P. 8(a).

21 [25] I make no findings concerning the adequacy of these claims or whether Freeman would
   ultimately be successful in such a lawsuit.  I merely find that she does not explain why she
22 cannot bring suit instead of petitioning to perpetuate testimony.

23 [26] *See* ECF No. 10 at 1 (declining to apply FRCP 15 to Freeman's amended petition); *see also*
   Fed. R. Civ. P. 7(a) (defining pleadings as a complaint; an answer to a complaint, counterclaim,
   or crossclaim; and a reply to an answer).

1  Freeman's amended petition—would have remained the same.  I thus adopt the magistrate

2  judge's recommendation and deny Freeman's motion to amend her petition.

3  **II.      Freeman's motion to vacate is meritless.**

4          Freeman's motion to vacate largely repeats the arguments from her objection to the

5  magistrate judge's R&R.[27]  I liberally construe the motion either as an appeal of the magistrate

6  judge's order denying as moot her initial petition or as a motion for relief from judgment under

7  FRCP 60.

8          A district judge may reconsider any non-dispositive matter that has been finally

9  determined by a magistrate judge "when it has been shown that the magistrate judge's order is

10  clearly erroneous or contrary to law."[28]  This standard of review "is significantly deferential" to a

11  magistrate judge's determination.[29]  A district court overturns a magistrate judge's determination

12  under this standard only if it has "a definite and firm conviction that a mistake [of fact] has been

13  committed"[30] or a relevant statute, law, or rule has been omitted or misapplied.[31]  And Rule

14  FRCP 60(b) allows the court to "relieve a party . . . from a final judgment, order, or proceeding"

15  for a variety of reasons, including the catch-all "any other reason that justifies relief."[32]  The

16

17

18

19

---

20  [27] *See* ECF No. 13.

    [28] L.R. IB 3-1(a).

21  [29] *Concrete Pipe and Prods. of Cal., Inc. v. Constr. Laborers Pension Trust for S. Cal.*, 508 U.S.
    602, 623 (1993).

22  [30] *Id.* (internal quotation marks omitted).

23  [31] *See Grimes v. City & Cnty. of S.F.*, 951 F.2d 236, 240–41 (9th Cir. 1991).

    [32] Fed. R. Civ. P. 60(b).

Ninth Circuit has cautioned, however, that "judgments are not often set aside" under this rule, and it "should be 'used sparingly as an equitable remedy to prevent manifest injustice.'"[33]

Under any standard, Freeman's motion fails.  As explained above, Freeman's amended petition to perpetuate testimony does not satisfy FRCP 27 and is denied.  The magistrate judge's denial of her initial petition as moot because her amended petition was deficient was not clearly erroneous.  And for the same reasons, Freeman has not provided any legitimate reason that justifies relief from the magistrate judge's order.  She contends that the magistrate judge "recast[] the facts, making the gross misrepresentation that [Freeman] is in debt to Westlake."[34] But even assuming that Freeman's allegations are true and that she never owed Westlake a debt, she still fails to demonstrate why she is unable to bring those allegations in a civil action.  I thus deny Freeman's motion to vacate.

## Conclusion

IT IS THEREFORE ORDERED that Freeman's objections **[ECF No. 11] are OVERRULED** and the magistrate judge's report and recommendation **[ECF No. 10] is ADOPTED** in its entirety.  Freeman's amended petition to perpetuate testimony **[ECF No. 8] is DENIED**.

IT IS FURTHER ORDERED that Freeman's motion to vacate **[ECF No. 13] is DENIED**.  The Clerk of Court is directed to Enter Judgment against the petitioner and **CLOSE THIS CASE**.

_____
U.S. District Judge Jennifer A. Dorsey
March 7, 2022

---

[33] *In re Int'l Fibercom, Inc.*, 503 F.3d 933, 941 (9th Cir. 2007) (quoting *Latshaw v. Trainer Wortham & Co.*, 452 F.3d 1097, 1103 (9th Cir. 2006), and *United States v. Washington*, 394 F.3d 1152, 1157 (9th Cir. 2005)).

[34] ECF No. 13 at 6.